IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-03013-CMA-NYW

TARIQ ABDUL-HAMID,

    Plaintiff,

v.

FEDERAL SAVINGS BANK,
CALIBER HOME LOANS INC.,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the February 26, 2020 Recommendation of United States Magistrate Judge Nina Y. Wang ("the Recommendation"). (Doc. # 13.) Judge Wang recommends dismissal of this action and Plaintiff's Amended Complaint without prejudice for failure to comply with an order of this Court and failure to prosecute, pursuant to D.C.COLO.LCivR 41.1. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). For the reasons described herein, the Court affirms and adopts the Recommendation.

### I.    BACKGROUND

On October 22, 2019, Plaintiff Tariq Abdul-Hamid initiated this action by filing his *pro se* Complaint, which related to a Rule 120 foreclosure proceeding against his residence following a default on his mortgage. *See* (Doc. # 1 at 1–3). Magistrate Judge

Wang ordered Plaintiff to file an Amended Complaint because she could not discern the claims Plaintiff asserted or the precise basis for those claims. (Doc. # 4.)

On December 17, 2020, Plaintiff filed his Amended Complaint against Federal Savings Bank and Caliber Home Loans, Inc. (Doc. # 5.) The Amended Complaint again stems from the alleged foreclosure of Plaintiff's residence. *See generally* (*id.*). The Amended Complaint indicates that federal subject matter jurisdiction exists because the parties are diverse for purposes of 28 U.S.C. § 1332, but Plaintiff failed to identify the citizenship of Defendant Caliber Home Loans, Inc. *See* (*id.* at 6–7). Further, "[t]he Amended Complaint appears to assert a single claim for relief for violations of the Older Americans Act, 42 U.S.C. § 3001(9) and (10)," but it was unclear to Judge Wang "whether the Older Americans Act gave rise to any private right of action, or that Mr. Abdul-Hamid intended to assert any federally recognized claim." (Doc. # 13 at 4.)

Magistrate Judge Wang issued an Order to Show Cause on January 17, 2020, to ascertain whether federal subject matter jurisdiction exists in the instant case. (Doc. # 11.) In her Order to Show Cause, Judge Wang ordered Plaintiff to file a Second Amended Complaint that addressed the Court's numerous concerns by February 14, 2020. The Order to Show Cause advised Plaintiff that his "**failure to comply with this Order may result in this court recommending dismissal of this case**." (*Id.*) (emphasis in original). On February 26, 2020, Judge Wang issued the instant Recommendation. To date, Plaintiff has not responded to the Order to Show Cause, filed a Second Amended Complaint, or objected to the Recommendation.

## II. LEGAL STANDARDS

### A. REVIEW OF A RECOMMENDATION

"[T]he district court is accorded considerable discretion with respect to the treatment of unchallenged magistrate reports. In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

### B. D.C.COLO.LCivR 41.1

Local Rule of Civil Practice 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1. "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). When dismissing a case without prejudice for failure to prosecute or defend, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).

## C. SUBJECT MATTER JURISDICTION

Federal courts are courts of limited jurisdiction and, as such, "are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction." *The Wilderness Soc. v. Kane Cty., Utah*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011) (Gorsuch, J., concurring). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.,* 384 F.3d 1220, 1224 (10th Cir. 2004). Federal subject matter jurisdiction can arise under 28 U.S.C. § 1331 for claims "arising under the Constitution, laws, or treaties of the United States" or under 28 U.S.C. § 1332(a) where the amount in controversy exceeds $75,000 and the conflict is between citizens of different states. For purposes of diversity jurisdiction, "each defendant must be diverse from each plaintiff." *Grice v. CVR Energy, Inc.*, 921 F.3d 966, 968 (10th Cir. 2019).

A federal court must satisfy itself as to its own jurisdiction and may take *sua sponte* action to do so. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver,* 628 F.2d 1289, 1297 (10th Cir. 1980). A court should not proceed without having first assured itself that jurisdiction exists. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005).

### III. DISCUSSION

In her Recommendation, Magistrate Judge Wang concludes subject matter jurisdiction over the instant action is not ascertainable from Plaintiff's Amended Complaint. With regard to diversity jurisdiction, Plaintiff failed to identify the citizenship of Defendant Caliber Home Loans, Inc., so complete diversity between the parties is an

open question. With regard to federal question jurisdiction, Plaintiff seems to assert a claim only under the Older Americans Act, but it does not appear that the Act provides Plaintiff a private right of action. *Cf. Cmty. & Econ. Dev. Ass'n of Cook Cty., Inc. v. Suburban Cook Cty. Area Agency on Aging,* 770 F.2d 662, 663 (7th Cir. 1985) (finding no private right of action under the Older Americans Act for a provider to challenge the award of a grant under that Act to another provider). Further, to the extent Plaintiff's complaint stems from Defendants' handling of his mortgage and a subsequent Rule 120 foreclosure proceeding, his claims would be barred by the *Rooker-Feldman* doctrine. *See Mayotte v. US Bank Nat'l Ass'n*, No. 14-CV- 3092-RBJ-CBS, 2016 WL 943781, at *4 (D. Colo. Mar. 14, 2016) (discussing *Dillard v. Bank of N.Y.*, 476 F. App'x 690, 692 n.3 (10th Cir. 2012) (holding that *Rooker-Feldman* barred the plaintiff's suit where she "[was] attempting to *completely undo* the foreclosure and eviction proceedings, which were both final before she ever initiated [her] suit.")).

The Court agrees that whether federal subject matter jurisdiction exists in the instant case is unclear and, therefore, the Court may not proceed. *See Citizens Concerned for Separation of Church & State,* 628 F.2d at 1297; *see also Cunningham,* 427 F.3d at 1245. Independent of subject matter jurisdiction, Plaintiff's failure to comply with an order of this Court—both by failing to respond to the Order to Show Cause and by failing to file a Second Amended Complaint—warrants dismissal without prejudice under D.C.COLO.LCivR 41.1.

### IV.     CONCLUSION

The Recommendation advised the parties that specific written objections were

due within fourteen (14) days after being served with a copy of the Recommendation. (Doc. # 13 at 10.) Despite this advisement, no objection to the Recommendation has been filed.

After reviewing the Recommendation, in addition to applicable portions of the record and relevant legal authority, the Court is satisfied that the Recommendation is sound and not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). Accordingly, the Court ORDERS that the February 26, 2020 Recommendation of United States Magistrate Judge (Doc. # 13) is AFFIRMED and ADOPTED as an Order of this Court. It is

FURTHER ORDERED that this action is DISMISSED without prejudice for failure to comply with an order of this Court and for failure to prosecute, pursuant to D.C.COLO.LCivR 41.1.

DATED: April 7, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge